UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH L. DIBUT,

    Plaintiff,

vs.             Case No. 3:09-cv-142-J-34MCR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for Award of Attorney Fees (Doc. 17) filed September 28, 2009. Plaintiff certifies that Commissioner has no objection to the fees sought by Plaintiff's counsel. (Doc. 17, p. 2). This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ with respect to Plaintiff's claim for benefits. (Doc. 16).

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

-1-

and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1.  Prevailing Party

The Judgment in this case (Doc. 16), filed on September 15, 2009, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2.  Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on September 15, 2009, and the Petition was filed on September 28, 2009.  Ordinarily, the Court would be concerned because the judgment has not yet become final.  However, because the Commissioner is not objecting to the award of EAJA fees, the Court finds the Petition was timely filed.

3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award under 28 U.S.C. § 2412 by any of the exclusions set forth in the Act. (Doc. 17, p. 2). Thus, Plaintiff's net worth was not in excess of $2 million at the time the Complaint was filed.

4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under the EAJA, we now turn to the reasonableness of the amount of fees sought. Plaintiff requests an award of $3,690.93 in attorney's fees, representing 23.25 hours at an hourly rate of $158.75. (Doc. 17, p. 3).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). Because the Commissioner does not oppose Plaintiff's proposed hourly rate of $158.75, the Court determines a cost of living increase justifies counsel's fee in this case and thus, the Court will adopt this rate as reasonable. Accordingly, the Court finds $3,690.93 ($158.75 x 23.25) is a reasonable fee in this case.[1]

Additionally, Plaintiff seeks costs in the amount of $350.00 to account for the filing of the complaint. (Doc. 17, p. 4). The Court believes the amount of costs incurred is reasonable. Therefore, the Court finds $4,040.93 ($3,690.93 + $350.00) is a reasonable fee in this case.

**C. Payment of Fees Directly to Counsel**

Plaintiff requests that the attorney's fees be paid directly to Plaintiff's counsel. In Reeves v. Astrue, the Eleventh Circuit determined the text of the EAJA requires that "attorney's fees are awarded to the prevailing party, not the prevailing party's attorney." 526 F.3d 732, 735 (11th Cir. 2008).[2] Here, although Plaintiff has a right to the attorney's fees, she has executed an Assignment of EAJA Fees assigning any fees awarded to

---

[1] The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

[2] In Reeves v. Astrue, the question before the Court was whether an award of attorney's fees belonged to the party or the party's counsel. The Eleventh Circuit unequivocally determined an award of attorney's fees is awarded to the prevailing party and not the prevailing party's attorney. 526 F.3d 732, 735 (11th Cir. 2008).

her pursuant to EAJA to her attorney. (Doc. 17, pp. 6-7). Because this Court does not interpret Reeves as preventing an assignment of the fees, the Court finds the fees in this case may be made payable directly to Plaintiff's counsel.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Petition for Award of Attorney Fees (Doc. 17) is **GRANTED.**

2.   The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,040.93, which shall be made payable to Plaintiff's counsel.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record